United States Court of Appeals,

Fifth Circuit.

No. 96-41002

Summary Calendar.

Darlene B. LAWSON, Plaintiff-Appellant,

v.

John J. CALLAHAN, Acting Commissioner of Social Security,
Defendant-Appellee.

May 5, 1997.

Appeal from the United States District Court for the Eastern
District of Texas.

Before WISDOM, JOLLY and BENAVIDES, Circuit Judges.

WISDOM, Senior Circuit Judge:

Darlene Lawson appeals the district court's affirmance of the
denial of her claim for social security benefits. She contends
that the administrative law judge erred by not inquiring further
into her apparent waiver of counsel, by not posing a proper
hypothetical question to the vocational expert, and by not
considering her in a higher age category.

Having reviewed the record and the briefs of the parties, we
AFFIRM the dismissal of the plaintiff's claim for benefits for the
reasons stated by the magistrate judge and adopted by the district
court.

Lawson also alleges that the district court did not report her
case as a motion that has been pending for more than six months as
required by the Civil Justice Reform Act of 1990, 28 U.S.C. § 476.
Under 28 U.S.C. § 2201, Lawson asked the district court for

1

declaratory judgment that the district court was in violation of the Civil Justice Reform Act.

The Civil Justice Reform Act of 1990 (CJRA) was enacted by Congress in response to growing national concern regarding the expense and delay encountered by most parties engaged in litigation.[1]  The Act provided for the creation of local Civil Justice Expense and Delay Reduction Plans to effectuate the goals of the Act and also for oversight by judicial advisory groups designed to streamline what was to be a national effort.  What the Act did not do was create a cause of action allowing parties before the court to assert the court's non-compliance with its own plan or with the Act itself.

In the instant case, the plaintiff does not have standing to challenge the district court's reporting practices under the CJRA. The requirements for standing were articulated by the Supreme Court aptly in *Valley Forge Christian College v. Americans United for Separation of Church and State.*[2]  In that case, the Court stated that Article III of the United States Constitution gives federal courts jurisdiction over certain cases or controversies.[3] Proof of a "case or controversy" requires a litigant to show that:  (1) "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" [injury

---

[1]Civil Justice Reform Act of 1990, Pub.L. 101-650, 104 Stat. 5089 (1990).

[2]454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

[3]U.S. CONST. art.  III, § 2, cl. 1.

2

in fact]; (2) "that the injury fairly can be traced to the challenged action" [causation]; and (3) that the injury "is likely to be redressed by a favorable decision" [redressability].[4] The plaintiff here has fallen short on all counts. Her complaint is that the district court failed to report her case as a motion pending for over six months. She has not alleged, however, any particular injury suffered by her as a result of the failure to report.[5] Necessarily, having shown no injury, neither can the plaintiff show causation. Finally, she cannot show that a favorable decision by the court would redress any alleged injury. As the plaintiff had no standing to assert a claim under the CJRA, the district court was without jurisdiction to entertain the merits of the motion.

To the extent that the plaintiff relies on the Declaratory Judgment Act, her motion must similarly fail.[6] Section 2201 states that "in a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought".[7] The meaning of "actual

---

[4]*Id.* at 472, 102 S.Ct. at 758-59.

[5]This assumes that the district court is in fact obligated to report these cases under the CJRA. We express no opinion, however, as to the merit in that assertion.

[6]28 U.S.C. § 2201 et. seq.

[7]We question whether the motion at issue is a "appropriate pleading" within the meaning of the Act. Here, the Social Security Commissioner is not an adverse, or even interested, party with

controversy" for the purposes of this section is identical to the meaning of "case or controversy" for the purposes of Article III, as elaborated above.[8] As such, for the reasons given, the plaintiff has not satisfied the "actual controversy" requirement of § 2201. Moreover, it is well settled that this section does not confer subject matter jurisdiction on a federal court where none otherwise exists.[9] Consequently, the plaintiff's appeal of the denial of her motion for declaratory judgment is **DISMISSED** for lack of subject matter jurisdiction. Further, as stated above, the district court's denial of benefits is **AFFIRMED**.

    **SO ORDERED.**

---

respect to the resolution of this motion. Rather, the plaintiff asked the court for declaratory judgment against itself. We can locate no federal case in which this has been done under the CJRA. We are frankly unable to determine why the court entertained the merits of the motion in the first instance.

[8]*Texas v. West Publishing Co.*, 882 F.2d 171 (5th Cir.1989).

[9]*Port Drum Co. v. Umphrey*, 852 F.2d 148, 149 (5th Cir.1988); *See also Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818 (10th Cir.1981); *Fidelity & Casualty Co. v. Reserve Ins. Co.,* 596 F.2d 914 (9th Cir.1979).