AMERICAN SOUTHERN INSURANCE COMPANY, Plaintiff,

v.

Michael BUCKLEY, d/b/a Buckley & Sons Plumbing, Shiloh Enterprises, Inc., Cleveland Imaging and Surgical Hospital, L.L.C., Colony Insurance Group, John Doe Insurance Compan(ies) 1–10, Defendants.

Civil Action No. 1:09–CV–723.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 28, 2010.

Catherine Love Hanna, Hanna & Plaut, Austin, TX, Constance Boaz Woods, Atlanta, GA, for Plaintiff.

Chad Wayne Etheridge, Law Offices of Etheridge & Ougrah LLP, Houston, TX, John Charles Tollefson, Lori J. Murphy, Tollefson Bradley Ball & Mitchell, Dallas, TX, for Defendants.

### MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION ON MOTIONS TO STRIKE AND MOTION TO DISMISS

RON CLARK, District Judge.

The Court referred this matter to United States Magistrate Judge Keith F. Giblin at Beaumont, Texas, for hearing and submission of a recommended disposition on case-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules for the United States District Court for the Eastern District of Texas. The plaintiff American Southern Insurance Company ("ASIC") filed several motions which are pending before the Court.

On September 1, 2010, Judge Giblin issued his Report and Recommendation on Motion to Dismiss and Motions to Strike [doc. # 40]. Judge Giblin recommended that the Court deny ASIC's Rule 12 motion to dismiss and motion to strike Defendant Colony's answer, counterclaim and cross-claim in part, and grant it in part. He also recommended that the Court deny ASIC's Rule 12 motion to strike defendant Michael Buckley d/b/a Buckley & Sons Plumbing's Answer and Counterclaim.

To date, no party has filed objections to the magistrate judge's proposed findings and recommendation. Accordingly, having reviewed the record and Judge Giblin's report, the Court agrees with the magistrate judge's findings and recommended disposition. The Court **ORDERS** that the *Report and Recommendation* [doc. # 40] is **ADOPTED.** Judge Giblin's findings and conclusions of law are incorporated in support of this order.

The Court further **ORDERS** that ASIC's Rule 12 motion to dismiss and motion to strike Defendant Colony's answer, counterclaim and cross-claim [doc. # 13] is **GRANTED in part, and DENIED in part.** The motion is denied on the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction; denied on the Rule 12(b)(6) motion to dismiss Colony's breach of contract claim against ASIC; granted with regard to the Rule 12(b)(6) motion to dismiss Colony's statutory claim under the Texas Insurance Code, and denied with regard to the Rule 12(f) motion to strike. It is further **ORDERED** that ASIC's motion to strike defendant Michael Buckley d/b/a Buckley & Sons Plumbing's Answer and Counterclaim filed against ASIC [doc. # 22] is **DENIED.**

*REPORT AND RECOMMENDATION
ON MOTION TO DISMISS AND
MOTIONS TO STRIKE*

KEITH F. GIBLIN, United States Magistrate Judge.

The District Court referred this proceeding to the undersigned United States Magistrate Judge, at Beaumont, Texas, for determination of non-dispositive pretrial matters and the entry of findings of fact and recommended disposition on case-dispositive matters pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court for purposes of this report are Defendant American Southern Insurance Company (ASIC)'s motion pursuant to Rule 12 to strike defendant Michael Buckley d/b/a Buckley & Sons Plumbing's ("Buckley") answer and counterclaim filed against ASIC (doc. # 22) and ASIC's Rule 12 motion to dismiss and motion to strike Defendant Colony's answer, counterclaim and cross-claim (doc. # 12).

## Background

### A. ASIC's Claims

On July 29, 2009, the plaintiff, ASIC, filed its complaint for declaratory judgment against defendants Buckley, Shiloh Enterprises, Inc., Cleveland Imaging and Surgical Hospital, L.L.C., Colony, and John Doe Insurance Compan(ies) (1–10). *See Complaint* (doc. # 1). ASIC states that diversity of citizenship is the basis for federal jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.* at ¶ 8.

ASIC specifically asserts a dispute with respect to insurance coverage. As for the factual background, ASIC states that on October 12, 2004, Buckley entered into a contract with Shiloh Enterprises, Inc., ("Shiloh") to perform the plumbing work on construction at Cleveland Imaging and Surgical Hospital, L.L.C. ("Cleveland Imagining."). *See generally Complaint,* at

¶¶ 15–25. Buckley's work at Cleveland continued into and was not completed until 2006. In the course of litigation in state court, specifically *CPR Services & Supplies, Inc., d/b/a MDN Enterprises v. Cleveland Imaging and Surgical Hospital, L.L.C., ("CPR Services v. Cleveland Imaging")*, case number CV–73362, pending in Liberty County District Court, Cleveland Imaging filed a cross-claim against Buckley and Shiloh on October 29, 2008. Cleveland Imaging's cross-claim in that case alleges that Buckley and Shiloh caused property damage during construction which has caused water damage, leaks and damage to equipment and property. The pleadings filed in that matter contain as exhibits copies of invoices between CPR and Buckley for supplies and materials presumably used by Buckley at Cleveland. Those invoices are dated from November 2005 into 2006. Cleveland Imaging's cross-claim seeks damages for the costs and expenses to fully and completely repair any problems or defects in the work performed.

ASIC further states in its complaint that upon information and belief, Colony issued a commercial general liability policy ("CGL") to Buckley beginning July 20, 2005. ASIC also states that upon information and belief, Colony is currently defending Buckley in the underlying litigation, *CPR Services v. Cleveland Imaging,* in Liberty County. On May 7, 2009, Colony tendered the matter of *CPR Services v. Cleveland Imaging* to ASIC and requested it to participate in the defense of Buckley in that case.

According to ASIC's complaint, it issued a CGL, policy number GL79555 to Buckley effective April 28, 2004, through April 28, 2005. *Id.* at ¶ 10. It then issued a CGL, policy number GL79555A, to Buckley, effective April 28, 2005, through April 28, 2006. *Id.* at ¶ 13. ASIC states that policy

number GL79555A was cancelled effective July 20, 2005, at the request of Buckley. *Id.* at ¶ 14. Based on these ASIC policies, ASIC claims that it is entitled to a declaration that neither Policy GL79555 nor Policy GL79555A provides coverage for this claim because the alleged property damage at issue did not occur during the ASIC policy periods because, according to ASIC, Cleveland Imaging's water damages and/or leaks did not occur on or before July 20, 2005. This constitutes Count I of its complaint, seeking a declaration of no coverage based on the policy periods.

Counts II, III, and IV seek a declaration of no coverage under the ASIC policies based on various exclusions to policy numbers GL79555 and GL79555A. *See Complaint,* at ¶¶ 32–46. ASIC contends that there is no coverage under the ASIC policies under the property damage exclusions, the damage to your work exclusion, and the mold exclusions. *Id.* ASIC accordingly requests a declaratory judgment from this Court setting forth its rights and obligations under the ASIC policies in connection with Buckley's work at issue in the *CPR Services v. Cleveland Imaging* litigation. ASIC specifically contends that there is no coverage for Buckley's work which is the subject of that litigation, and requests that this Court declare that ASIC is not obligated to expend any sums on behalf of Buckley with regard to Cleveland Imaging's cross-claim in that case. *Id.* at ¶ 48. ASIC requests that this Court accordingly enter judgment concluding that the damages at issue did not occur during the relevant ASIC policy periods; that the specific exclusions discussed above apply, thus eliminating coverage; and that ASIC is not obligated to defend, indemnify or expend any sums on behalf of Buckley arising out of the *CPR Services v. Cleveland Imaging* case. *Id.*

**B. Colony's Responses to ASIC's Claims**

On September 28, 2009, Colony filed its answer to ASIC's complaint for declaratory judgment, as well as its counterclaim against ASIC and its cross-claim against co-defendants (doc. # 8). In its answer, as an affirmative defense, Colony states that its policy of insurance issued to Buckley provides no coverage for the loss referenced in ASIC's complaint. *See Colony's Answer,* at p. 1. In support, Colony similarly argues that the damages at issue did not occur within the effective dates of coverage under Colony's policy; that the damage at issue does not constitute an occurrence for purposes of coverage under the Colony policy; and that coverage is also barred by the "work product," "business risk" and mold exclusions of the Colony policy. *Id.* at 2–7.

Colony also asserts a counterclaim against ASIC, and a cross-claim against its co-defendants, including Buckley, seeking a declaration from the Court that it has no duty to defend or indemnify Buckley in the *CPR Services v. Cleveland Imaging* case. *Id.* at 10–11. Colony further requests, in the alternative, that the Court issue a declaration that both it and ASIC owe the duty to defendant and indemnify Buckley. *Id.* at 11. Colony further asserts a breach of contract claim against ASIC, arguing that ASIC is in breach of its contract with Buckley. *Id.* In support Colony avers that it is contractually, legally and equitably subrogated to the rights of Buckley because it has expended reasonable and necessary attorney's fees defending Buckley pursuant to a reservation of rights in the underlying state court litigation. *Id.* It asserts that it is accordingly entitled to judgment against ASIC for the fees, costs and expenses incurred in defending Buckley. *Id.* at 11–12.

Colony also claims that it is entitled to recover its fees from ASIC under the Texas Civil Practice and Remedies Code, Chapter 38. *Id.* at 12. Finally, Colony asserts a claim against ASIC for violation of the Prompt Payment of Claims provision of Chapter 542 of the Texas Insurance Code. *Id.* at 12.

### C. Buckley's Responses to ASIC's Claims

On November 18, 2009, Buckley filed its answer to ASIC's complaint, answer to Colony's cross claim, and its cross-claim against its co-defendants and counterclaim against ASIC. *See* Buckley's Answer (doc. # 17). In its counterclaim and cross claims, Buckley states that it is entitled to a declaration that both ASIC and Colony have a duty to defend or indemnify Buckley against the claims pending in the *CPR Services v. Cleveland Imaging* case. *Id.* at 5. Buckley also requests costs, fees and expenses from ASIC pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. *Id.* at 5–6.

### D. ASIC's Motions to Strike and Dismiss

ASIC filed motions to strike both Colony's and Buckley's answers to ASIC's complaint and counterclaims pursuant to Federal Rule of Civil Procedure 12(f). *See Plaintiff/Counterclaim Defendant American Southern Insurance Company's Motion Pursuant to Federal Rule of Civil Procedure 12 and, Subject Thereto, Original Answer to Defendant/Counterclaim–Plaintiff Colony Insurance Company's Original Counterclaim* (doc. # 13) and *Plaintiff/Counterclaim Defendant American Southern Insurance Company's Motion Pursuant to Federal Rule of Civil Procedure 12 and, Subject Thereto, Original Answer to Defendant Michael Buckley d/b/a Buckley & Sons Plumbing's Original Counterclaim* (doc. # 22). ASIC's motion regarding Colony's counterclaim also ar-

gues for dismissal of the counterclaim and cross-claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See ASICs Rule 12 Motion as to Colony* (doc. # 13).

Specifically, on the Rule 12(f) motions to strike, ASIC argues that both Colony and Buckley's answers were untimely. According to ASIC's motion, Colony's answer was due on August 24, 2009, because it was served with ASIC's complaint on August 3, 2009. However, Colony filed its answer and counterclaim on September 28, 2009. ASIC therefore argues that Colony's answer and counterclaim were untimely filed and should therefore be stricken.

ASIC makes the same arguments as to Buckley's answer and counterclaim. ASIC contends that Buckley's answer was due on September 14, 2009, but it was not filed until December 4, 2009, and is accordingly untimely.

As to Colony's counterclaim, ASIC further argues that it should be dismissed pursuant to Rule 12(b)(6) because Colony is not in contractual privity with ASIC and therefore Colony cannot assert a cause of action for breach of contract, attorneys' fees or "prompt payment" violations under the Texas Insurance Code, Section 541.051 *et seq.* ASIC also contends that Colony's counterclaim should be dismissed under Rule 12(b)(1) because Colony has not shown that it has standing to bring its causes of action against ASIC or that a ripe, justiciable controversy exists between Colony and ASIC.

### E. Responses

Colony responded in opposition to ASIC's motion to strike its answer and to dismiss its counterclaim. *See Defendant Colony's Response to Motion to Dismiss and Motion to Strike* (doc. # 16). Colony

argues that ASIC's Rule 12(b)(6) is flawed in that it asks the Court to go outside the pleadings for proof that Colony is participating in the defense of Buckley in the state court litigation to determine if Colony has a right to bring its causes of action. Colony intends that this would require the Court to impermissibly go beyond the face of the pleadings to determine the contribution issue on Colony's breach of contract claim. Colony goes on to argue that *Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.*[1], relied upon by ASIC for the proposition that Colony has no right to subrogation or contribution in this matter, is inapplicable in this case. *See Response,* at pp. 3–7. Colony also contends that under the Texas Civil Practice and Remedies Code, Chapter 38, and Texas Insurance Code, Section 542, it is entitled to assert its subrogated rights against ASIC. According to Colony's response, Section 542.051 of the Texas Insurance Code does not require privity of contract and is "liberally construed to promote the prompt payment of insurance claims." *See Response,* at p. 9. Colony argues that it is entitled to sue under that statute as a "claimant" under the Insurance Code.

As to the Rule 12(b)(1) lack of standing jurisdictional issue, Colony argues that it can establish the elements necessary to establish standing to sue ASIC. Specifically, Colony avers that it paid defense dollars on behalf of Buckley to defend the state court litigation, although it contends that it is not responsible for same, and that if any insurer is responsible, it is ASIC. Secondly, Colony contends it has standing because it has been injured by ASIC's failure to reimburse it for monies expended on behalf of Buckley, and it has alleged both an injury in fact and the injury is casually related to ASIC's actions. Colony further argues that its counterclaim asserts the grounds for Colony's claim for reimbursement and thus meets the threshold necessary for the redressability element of standing. Finally, Colony contends that ASIC has admitted that there is a justiciable controversy because there is a dispute over both coverage and the duty to defend with regard to Buckley.

As to the motion to strike Colony's answer, Colony argues that ASIC has not cited legal authority supporting its Rule 12(f) request for striking the pleading, and that ASIC should have moved for default if "it had a problem with the late answer." *See Response,* at p. 12. Colony also contends that the Federal Rules of Civil Procedure do not require it to file a counterclaim at the same time as a timely filed answer. *Id.* at p. 13. Finally, Colony states that counsel for ASIC granted Colony an informal extension to gets its answer on file as a professional courtesy. Colony contends that it relied on counsel's courtesy in this regard, and there was no suggestion that ASIC would move to strike Colony's pleadings. *Id.*

Defendant Buckley did not respond to ASIC's motion to strike.

ASIC filed a reply in support of its motions to strike and dismiss Colony's pleadings. *See ASIC's Reply to Colony's Response* (doc. # 21). ASIC first contends that Colony cannot demonstrate that it has suffered the requisite injury in fact required to bring a breach of contract claim because Buckley is fully indemnified pursuant to a defense cost-sharing agreement and therefore there is no breach of any obligation ASIC may owe its insured or Colony. *See Reply,* at p. 2. ASIC also reasserts its argument that Colony is not a "claimant" under the Texas Insurance Code and Insurance Code remedies cannot be transferred by subrogation or assignment. ASIC further argues that Colony

---

1.  236 S.W.3d 765 (Tex.2007).

has no factual basis for its Insurance Code claim because ASIC is participating in Buckley's defense. *See Reply,* at p. 4. Finally, ASIC addresses Colony's argument on the informal extension that counsel granted Colony to file an answer. ASIC distinguishes the fact that it granted informal leave to file a late answer, but not leave to file affirmative pleadings. Accordingly, because ASIC did not know that Colony intended to file a counterclaim with its late answer, ASIC contends that it did not grant extension of time to file the counterclaim late. In its reply, ASIC now states that it is not seeking to strike Colony's answer, only its counterclaim.

### Discussion

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

*Legal Standards: Rule 12(b)(1) and Dismissal for Lack of Jurisdiction*

As summarized above, the United States moved for dismissal based on lack of subject matter jurisdiction for several reasons. This federal district court, unlike state district courts, is a court of limited jurisdiction. The only court created by the Constitution of the United States is the Supreme Court. U.S. Const. art. III, § 1, cl. 1. Congress was authorized to create federal district courts, but was allowed to limit their jurisdiction. *Id.*

■ This is exactly what Congress has done. Federal district courts have never been given the full general jurisdiction of state district courts and therefore have limits on the cases they may adjudicate. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *In re Bissonnet Invs. L.L.C.,* 320 F.3d 520, 525 (5th Cir.2003). This court only possesses the power authorized by the Constitution and statute. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen,* at 377, 114 S.Ct. 1673. Federal district courts are required to determine if they have jurisdiction in a case, on their own, regardless of whether the parties raise the issue. It follows that before the undersigned can address the legal merits of plaintiff's claims, the Court must first confirm that it exercises proper jurisdiction over his causes of action, an issue presented by the Defendant's motion.

■ Where dismissal is sought for lack of subject matter jurisdiction, the proper procedure is a Rule 12(b)(1) motion. *Cupit v. United States,* 964 F.Supp. 1104, 1107 (E.D.La.1997) (citing *Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1156–57 (5th Cir. Unit B March 1981)). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.), *cert. denied* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002) (citations omitted).

■ When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Bryan v. Stevens,* 169 F.Supp.2d 676, 681 (S.D.Tex.2001) (citing *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2001), *cert. denied* 534 U.S. 1127, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002)). The Court must therefore consider plaintiff's complaint, including attachments, as supplemented by undisputed facts adduced by the defendant's motion and plaintiff's response. In reviewing the plaintiff's pleading, the Court will consider

whether it has the statutory or constitutional power to adjudicate this case. *See Neinast v. Texas,* 217 F.3d 275, 278 n. 6 (5th Cir.), *cert. denied* 531 U.S. 1190, 121 S.Ct. 1188, 149 L.Ed.2d 104 (2001). The burden of proof for a Rule 12(b) (1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001) (citations omitted). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.*

*Justiciability Issues*

■ Standing and ripeness are jurisdictional questions which must be resolved as a preliminary matter. *See Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 350 (5th Cir.Tex.1989). Under the Federal Rules of Civil Procedure, standing challenges are dealt with by motion under Rule 12(b)(1) or on the court's own motion. *Id.* In making such a determination, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Id.* Accordingly, in this situation, the Court must construe Colony's counterclaim in Colony's favor. At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. *Id.* If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed. *Id.*

■ Article III of the United States Constitution limits federal courts' jurisdiction to cases and controversies. U.S. Const. art. III § 2; *Sample v. Morrison,* 406 F.3d 310, 312 (5th Cir.2005). In order to give meaning to Article III's case-or-controversy requirement, the courts have

developed justiciability doctrines, such as the standing and ripeness doctrines. *Sample,* 406 F.3d at 312. Specifically, "the standing and ripeness doctrines flow largely from Article III of the Constitution, which limits the federal judicial power to the resolution of cases and controversies." *Texas v. United States,* 497 F.3d 491, 496 (5th Cir.2007), *cert. denied* — U.S. —, 129 S.Ct. 32, 172 L.Ed.2d 18 (2008) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). The case-or-controversy requirement is satisfied only where a plaintiff has standing. *Sprint Commc'ns Co., L.P. v. APCC Servs.,* 554 U.S. 269, 273, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008). Standing is concerned with whether a proper party is bringing suit while ripeness is concerned with whether the suit is being brought at the proper time. *Texas v. United States,* 497 F.3d at 496. Although standing and ripeness are two distinct doctrines, the doctrines often overlap in practice. *Id.*

In *Flast v. Cohen,*[2] the Supreme Court stated that the fundamental aspect of standing focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. *Flast,* 392 U.S. at 100, 88 S.Ct. 1942. The 'gist of the question of standing' is whether the party seeking relief has alleged such a personal stake in the outcome of the controversy. *Id.* The Supreme Court has articulated the constitutional requirements for standing as follows:

(1) the plaintiff must have suffered an 'injury in fact,' (i.e., a "concrete and particularized" invasion of a "legally protected interest");

(2) causation (i.e., a "fairly ... trace[able]" connection between the al-

---

**2.** 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

leged injury in fact and the alleged conduct of the defendant); and

(3) redressability (i.e., it is likely and not merely speculative that the injury will be redressed by a favorable decision or remedied by the relief plaintiff seeks in bringing suit.)

*Sprint Commc'n,* 554 U.S. at 273–274, 128 S.Ct. 2531; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Relatedly, the ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *National Park Hospitality Assn. v. Department of Interior,* 538 U.S. 803, 807–808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) (quoting *Reno v. Catholic Social Services, Inc.,* 509 U.S. 43, 57, n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993)). Thus, "the basic rationale of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies." *Texas v. United States,* 497 F.3d at 498. To determine if a case is ripe for adjudication a court must evaluate: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Id.* at 498.

■ A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical. *New Orleans Public Service, Inc. v. Council of New Orleans,* 833 F.2d 583, 586–87 (5th Cir.1987). The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id.*

*Application: Standing*

■ The Court agrees with Colony that it can meet the first two requirements for standing. Colony's counterclaim establishes an injury in fact in that they have expended funds in paying for Buckley's defense in the state court litigation. The causation element of standing is established by Colony's claims as pled in the counterclaim in that Colony contends that ASIC has not reimbursed Colony for monies expended in the defense of Buckley. Colony claims that ASIC is responsible for coverage of the defense costs yet has not reimbursed Colony for those costs. Accordingly, on its face, Colony's counterclaim meets the first two elements for standing in that Colony was injured by the expenditure of funds for which it has not been reimbursed.

The Court must next determine if Colony's counterclaim meets the redressability prong to establish the requisite standing. In considering whether Colony successfully asserted grounds for reimbursement to satisfy the redressability component of standing, the court must decide whether the Texas Supreme Court's decision in *Mid–Continent Insurance Co. v. Liberty Mutual Insurance Co.* applies. ASIC contends that *Mid–Continent* is applicable and therefore Colony has no right of contribution or subrogation. However, Colony claims that *Mid–Continent* does not apply and thus their claim satisfies the redressability requirement as required by the standing doctrine.

*Mid–Continent* involved an underlying suit related to an automobile accident. *Mid–Continent Ins. Co. v. Liberty Mutual Ins. Co.,* 236 S.W.3d 765, 768–769 (Tex. 2007). One of the defendants in the underlying suit, Kinsel Industries, was insured under two comprehensive general liability policies. *Id.* at 769. One policy was issued by Liberty Mutual and the other was issued by Mid–Continent. *Id.* Kinsel was accordingly covered under two CGLs at the same time. The insurers cooperatively assumed defense of the suit and neither company disputed the fact

"that each owed some portion of Kinsel's defense and indemnification." *Id.* at 769.

However, the insurers disagreed on the settlement value of the case against Kinsel. *Id.* at 770. During mediation, Liberty Mutual agreed to settle on behalf of Kinsel for $1.5 million. *Id.* Mid–Continent instead calculated the settlement value of the case against Kinsel at $300,000 and refused to pay more than $150,000, half of that value. *Id.* Liberty Mutual, therefore, funded the remaining $1.35 million of the settlement on behalf of Kinsel, paying $350,000 more than its $1 million CGL policy limit. *Id.* Liberty Mutual reserved its right for recovery against Mid–Continent and filed suit against Mid–Continent seeking to recover Mid–Continent's pro rata share of the settlement. *Id.*

The Texas Supreme Court concluded that "there is no right of reimbursement in the context presented." *Id.* at 777. The Court found that Liberty Mutual was not entitled to reimbursement because there is no direct duty of reimbursement between co-primary insurers, and the insured had no rights against Mid–Continent to which Liberty Mutual may be subrogated. *Id.* at 772.

More specifically, the court first found that Liberty Mutual had no direct action for reimbursement under a right of contribution from Mid–Continent. In reaching this conclusion, the *Mid–Continent* court decided that the direct claim for contribution between co-insurers disappears when the insurance policies contain "other insurance" or "pro rata" clauses. *Id.* at 772. These other insurance and pro rata clauses create independent contractual obligations and preclude direct claims for contribution among insurers because the clauses makes the contracts several and independent of each other. *Id.* Accordingly, the co-insurers do not meet the common obligation

requirement of a contribution claim. *Id.* Moreover, the co-insurers did not contractually agree to pay each other's pro rata share and Liberty Mutual paid more than contractually agreed upon voluntarily. *Id.* In other words, Liberty Mutual paid more than what they had contractually agreed upon without a legal obligation to do so. Thus, the court stated that "a co-insurer paying more than its proportionate share cannot recover the excess from the other co-insurers." *Id.*

In addition, the court found that Liberty Mutual had no right to subrogation, contractual or equitable. In either case, the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured. *Id.* at 774. The court concluded that because Kinsel had no rights to which Liberty Mutual may be subrogated, Liberty Mutual had no right of reimbursement through subrogation. *Id.* at 777. In reaching this conclusion, the court first noted that Kinsel had already been fully indemnified, and therefore as the insured had no contractual rights that a co-insurer may assert against another co-insurer in subrogation. *Id.* at 776. Secondly, the court pointed out that this was not a case providing an equitable basis for subrogation because Mid–Continent and Liberty Mutual were co-insurers, not distinguishable as primary and excess insurers. *See id.* at 776. Accordingly, the situation was distinguishable from *American Centennial Ins. Co. v. Canal Ins. Co.*[3], in which the Texas Supreme Court recognized equitable subrogation as a basis for an excess insurer's recovery against a primary insurer to prevent a primary insurer from taking advantage of an excess insurer, acting solely as such, when a potential judgment approaches the primary insur-

3.  843 S.W.2d 480 (Tex.1992).

er's policy limits. *Id.* at 776. Citing *Canal,* 843 S.W.2d at 482. Thus, Liberty Mutual had no right or reimbursement through subrogation.

Colony argues that *Mid–Continent* is inapplicable to the situation in this case because *Mid–Continent* involved two comprehensive policies rather than two consecutive policies. In this case, as discussed above, ASIC issued CGL GL79555 to Buckley with effective dates April 28, 2004 through April 28, 2005, and CGL GL79555A with effective dates April 28, 2005 through April 28, 2006, but Buckley cancelled the latter policy on July 20, 2005. *Id.* Thereafter, Colony issued its CGL to Buckley covering property damage occurring after July 20, 2005. Thus, the policies are consecutive, not comprehensive, like the policies in *Mid–Continent.* Here, ASIC and Colony are not co-insurers, and they have not agreed on which insurer is responsible to defend and/or indemnify on behalf of Buckley because they dispute which consecutive policy, ASIC's or Colony, if any, provides coverage for Buckley. This is clearly distinguishable from the situation in Mid–Continent where the insured had already been indemnified and the insurers agreed that both of the co-insurers, Liberty Mutual and Mid–Continent, were responsible for at least some portion of the settlement on behalf of the insured.

Additionally, courts have noted that the holding in *Mid–Continent* is a narrow one. *See Duininck Brothers, Inc. v. Howe Precast, Inc.,* No. 4:06–cv–441, 2008 WL 4372709, 2008 U.S. Dist. LEXIS 70938 (E.D.Tex. Sept. 19, 2008) (Schell, J.). In *Duininck Brothers,* Judge Schell noted that "*Mid–Continent* deals with a scenario wherein two insurers have undertaken an obligation to assume the liability for losses incurred by an insured." *Id.* at *9, 2008 U.S. Dist. LEXIS 70938 at *24. The court accordingly found that *Mid–Continent* was

inapplicable because, in *Duininck Brothers, Inc.,* the insurers were under no contractual obligation to pay for the underlying lawsuits in the case. *Id.* at *9, 2008 U.S. Dist. LEXIS 70938 at *25. Likewise, in this case, Colony and ASIC have not undertaken an obligation to assume liability for losses incurred by the insured. Unlike the parties in *Mid–Continent,* ASIC and Colony disagree on whether each owed some portion of Buckley's defense and coverage is clearly a disputed issue. The Court agrees with Colony in finding that because the parties here do not concede coverage, *Mid–Continent* does not apply.

Furthermore, in *Mid–Continent* the insured had already been fully indemnified. *Mid–Continent,* 236 S.W.3d at 775–776. Based on the pleadings in the present case, it is unclear whether Buckley has been indemnified. In fact, according to the pleadings, the underlying litigation has not been fully adjudicated against Buckley to date. In *Mid–Continent,* the court held that "a fully-indemnified insured has no rights against a non-paying co-insurer to which a paying co-insurer can be subrogated." Thus, for *Mid–Continent* to apply to the case at hand, the pleadings should indicate whether Buckley had been fully indemnified to bar contractual subrogation under *Mid–Continent.*

In addition, the Fifth Circuit's ruling in *Trinity Universal Insurance Co. v. Employers Mutual Casualty Co.* further narrowed the Mid–Continent holding. *See Trinity Universal Ins. Co. v. Employers Mutual Casualty Co.,* 592 F.3d 687 (5th Cir.2010). Specifically, the court stated that "*Mid–Continent* only addressed the question of whether one co-insurer has a right of contribution or subrogation against a non-paying co-insurer to recover money paid to *indemnify* a common insured for a loss." *Id.* at 694. Because

Mid–Continent only addressed the question in the indemnity context, the Fifth Circuit found that *Mid–Continent* left open the separate question of whether a co-insurer that pays more than its share of defense costs may recover such costs from a co-insurer who violates its duty to defend a common insured. *Id.* at 695. The *Trinity Universal* court's findings suggest that Mid–Continent's holding on the subrogation and contribution issues between co-insurers on the duty to indemnify should be considered separate and distinct from the subrogation and contribution issues on the duty to defend. *See id.* This recent ruling further supports Colony's contention that *Mid–Continent* is inapplicable to the extent that Colony's counterclaim seeks a declaration and damages with respect to the duty to defend rather than the duty to indemnify. Furthermore, it is well-settled that the duty to defend and the duty to indemnify are distinct and separate duties. *D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex.2009). The duty to defend is not only separate from the duty to indemnify, but it is broader. *See Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008). Whereas the duty to indemnify arises only once liability has been conclusively determined, the duty to defend occurs prior to the completion of litigation. *See D.R. Horton*, 300 S.W.3d at 744 (citations omitted). Here, Colony seeks a declaration and damages with respect to the duty to defend as well as the duty to indemnify. Thus, the case at hand can also be distinguished from the ruling in *Mid–Continent* in this regard.

In conclusion, the Texas Supreme Court holding in *Mid–Continent* is inapplicable to the case at hand based on the pleadings. Ultimately, the court must agree with Colony and find, when construing the counterclaim in favor of Colony, that Colony may be able to subrogate or seek contribution from ASIC in the defense of Buckley by obtaining a declaration from the court findings as such. Thus Colony satisfies the redressability element of standing, and the Court finds the motion to dismiss for lack of jurisdiction without merit on the standing issue.

*ASIC's arguments re Declaratory Judgment Act*

ASIC claims that an inquiry of whether there is standing or if the claim is ripe differs when the action seeks a declaratory judgment. In support, ASIC cites *Roark & Hardee, LP v. City of Austin*[4]. In that case, the Fifth Circuit stated that, "a plaintiff can meet the standing requirements when suit is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, by establishing 'actual present harm or a significant possibility of future harm.'" *Roark & Hardee, LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir.2008) (quoting *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir.2003)). Simply put, ASIC is alleging that to satisfy the standing requirement in the Declaratory Judgment Act, Colony must either establish actual present harm or a significant possibility of future harm. However, this argument is not on point. In its original complaint seeking a declaration from the court, ASIC cites the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for federal jurisdiction. The Declaratory Judgment Act is cited nowhere in the parties' pleadings.

▪ Furthermore, in *Bauer v. Texas*, the Fifth Circuit stated that "the 'actual controversy' required under 28 U.S.C. § 2201(a) is identical to the meaning of 'case or controversy' for the purpose of Article III." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.Tex.2003) (quoting *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir.

4.  522 F.3d 533, 542 (5th Cir.2008).

1997)). Although the Fifth Circuit has noted a small difference in the standing requirement in a declaratory action, the underlying definition of the actual case or controversy requirement remains the same. Consequently, for purposes of this case, the standard for establishing standing and ripeness review found in the Declaratory Judgment Act is insignificant. Additionally, although the parties are seeking declarations of law as their remedies, this does not necessarily trigger the statutory application of the federal Declaratory Judgment Act. Thus, the Court finds that its analysis of the standing and ripeness issues under the traditional case or controversy standards enunciated herein is appropriate.

*Application: Ripeness*

█ As discussed above, to determine whether a claim is ripe for review the court considers: "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Texas v. United States,* 497 F.3d at 498. Both parties would face significant hardship if the court withholds consideration on the issue. Allegedly each party has participated in the defense of their common insured. Both parties request that the Court make a determination of the rights and obligations under each policy. Thus, each party would suffer greatly if the court determined that the cause of action was not ripe for review as expenditures continue to be made on behalf of Buckley in the underlying litigation. In addition, the issues currently in front of the court are fit for judicial decision. For the parties to move forward, the court must determine the obligations each party has, if any, to the common insured. Accordingly, the court must decide that the case is ripe for review and deny ASIC's contention to the contrary.

Based on the above discussion, the Court concludes that, on the face of the pleadings, Colony has established that it has standing to bring its causes of action against ASIC and that the issues it presents are ripe. The Court therefore concludes that the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be denied.

**B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

*Legal Standards: Rule 12(b)(6)*

Federal Rule of Civil Procedure 12 provides that a pleader may present, by motion, a defense alleging "failure to state a claim upon which relief can be granted." FED. R. CIV. P 12(b)(6) (full citation of rule omitted). The Fifth Circuit has stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. *See, e.g., Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)). This standard derived from *Conley v. Gibson,* which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). But recently in *Twombly,* the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968–69, 167 L.Ed.2d 929 (2007).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove *no set of facts* in support of claim that would entitle him to

relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *See Twombly,* 550 U.S. at 563, 127 S.Ct. 1955 (abrogating *Conley* ). A cause of action can fail to state a "claim upon which relief can be granted" if, inter alia, it fails to comply with the requirements of Rule 8(a)(2). *See, e.g., Buerger v. Southwestern Bell Tel. Co.,* 982 F.Supp. 1247, 1249–50 (E.D.Tex.1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.,* 201 Fed.Appx. 988, 990–91 (5th Cir.2006) ("a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" FED. R. CIV. P. 8(a)(2). The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 556 n. 3, 127 S.Ct. 1955 (internal quotation marks omitted). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its

fact." *Id.* Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id.*

When the complaint contains inadequate factual allegations, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558, 127 S.Ct. 1955. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* (Quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)).

A complaint must aver sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Pleaded factual content must be sufficient to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Doucet v. State Farm Fire and Cas. Co.,* No. 1:09–CV–142, 2009 WL 3157478, at *5–*6, 2009 U.S. Dist. LEXIS 89106 at *18–*19 (E.D.Tex. Sept. 25, 2009) (Hines, J.) (citing *Iqbal,* 129 S.Ct. at 1949) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). The "mere hypothetical possibility that such an action could exist" is insufficient to establish a state law cause of action. *Id. See also Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (2007).

*Application: Colony's Claims for Breach of Contract*

■ Based upon its findings regarding Colony's counterclaim in the context of the Rule 12(b)(1) motion, the Court also finds that ASIC's motion to dismiss for failure

to state a claim under Rule 12(b)(6) should also be denied as to Colony's breach of contract claims related to the subrogation and contribution issues. The Court has already concluded that *Mid–Continent* does not apply and thus, based on the pleadings herein, viewed in the most favorable light to Colony, the Court cannot conclude that Colony is precluded from asserting a contribution or subrogation claim against ASIC based on the facts alleged. Accordingly, the Court concludes that ASIC has not carried its burden in establishing that Colony has stated a claim for breach of contract which is not plausible on its face. The Rule 12(b)(6) motion should therefore be denied on the breach of contract claims

*Insurance Code Claims*

■ Although, Colony successfully argued that the *Mid–Continent* rationale is inapplicable, the court still must determine whether Colony can assert a statutory cause of action for violation of the "prompt payment of claims" provisions under the Texas Insurance Code, Chapter 542. Colony contends that they are entitled to sue ASIC under Ch. 542.051 as a 'claimant.' However, ASIC argues that Colony cannot sue as a 'claimant' because they are neither an insured nor a beneficiary of the policy. This argument is based on the definitions provided by the definitions of "claim" and "claimant" under the relevant provisions of the Code.

The Texas Insurance Code mandates prompt payment of claims. *In re Slavonic Mut. Fire Ins. Co.*, 308 S.W.3d 556, 559 (Tex. App–Houston [14th Dist.]—2010, orig. proceeding) (citing TEX. INS.CODE. ANN. §§ 542.051–.061 (Vernon 2009)). The act is to be liberally construed to promote its purpose of obtaining prompt payment of insurance claims. *Id.* Citing TEX. INS. CODE. § 542.054. An insurer is required to acknowledge receipt of a claim, begin an investigation, and request documentation from its insured within fifteen days of notification of the claim. *Id.* Citing TEX. INS.CODE § 542.055(a). The insurer is to notify the claimant in writing of the acceptance or rejection of the claim within fifteen days after it receives the required documentation for proof of loss. *Id.* Citing Section 542.056(a). If the insurer notifies the claimant it requires more time, the acceptance or rejection must be made within forty-five days of the notice. *Id.* Citing § 542.056(d). Section 542.057 of the Texas Insurance Code provides that a claim must be paid within five business days after notice that the claim, or a part of the claim, will be paid. TEX. INS.CODE § 542.057(a). An insurer's failure to comply with the statutorily prescribed time frames will subject the insurer to damages, including interest on the amount of the claim and attorney's fees. *See* Tex. Ins. Code. §§ 542.058(a), 542.060.

With regard to Chapter 542, the Texas Insurance Code defines "claim" as "a first party claim that: (A) is made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract; and (B) must be paid by the insurer to the insured or beneficiary." TEX. INS.CODE. § 542.051(2). A "claimant" means a person making a claim. TEX. INS.CODE. § 542.051(3).

Here, Colony has asserted a counter-claim against ASIC for violations of these prompt payment of claims provisions of the Code based on its subrogated rights to sue on behalf of Buckley, the insured. Colony accordingly seeks interest on the claim and attorney's fees pursuant to Section 542.060 of the Texas Insurance Code. The Court must determine if Colony is entitled to sue for the statutory remedies provided by Chapter 542 as a subrogee to Buckley's rights against ASIC under the "prompt payment of claims" statutes.

As stated above, 542.051(2) states a "claim" within the meaning of Chapter 542 governing prompt payment of claims is defined as a "first party claim." The Legislature specifically added language limiting the statute's coverage to "first party claims" in response to objections that it could be interpreted to apply to third-party claims and the duty to defend. *See Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 25 (Tex.2007) (Brister, J., dissenting). Additionally, unlike the common law remedies discussed above, statutory remedies under the Texas Insurance Code are personal and punitive in nature and the Insurance Code makes no provision for assignability. *See Great Am. Ins. Code v. Fed. Ins. Co.*, No. 3:04–CV–2267, 2006 WL 2263312 at *10, 2006 U.S. Dist. LEXIS 55038 at *29 (N.D.Tex. Aug. 8, 2006).

Based on the pleadings, Colony's asserted claim under the Texas Insurance Code does not fall within the definition of "first party claim" envisioned by the Legislature. Colony is neither an insured nor the beneficiary under the CGL policies at issue. Its basis for claiming the prompt payment of claims violations against ASIC are based solely on its asserted subrogation of rights of Buckley, the insured. Looking to the scope of first party versus third party claims as discussed in *Lamar Homes*, the claim for coverage at issue here are not first party but rather are third party in nature. The Court accordingly finds that the relief sought by Colony under Chapter 542 of the Texas Insurance Code does not fall within the definition of "claims" necessary to bring forth a cause of action for prompt payment of claims violations. The court must construe the statute accordingly and find that Colony cannot state a claim for violation of Chapter 542 of the Texas Insurance Code upon which relief may be granted. The parties have not provided a case on point suggesting that an insurer such as Colony may step into the shoes of the insured and bring a claim for Insurance Code violations under Chapter 542 as contemplated here. The Rule 12(b)(6) motion for failure to state a claim should be granted on this cause of action asserted by Colony in its counterclaim.

### C. Motions to Strike Pursuant to Rule 12(f)

Rule 12 of the Federal Rules of Civil Procedure provides "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(1)-(2). The Fifth Circuit has stated that motions to strike are generally disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir.1982). They are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic. *See Bailey Lumber & Supply Co. v. Georgia–Pacific Corp.*, No. 1:08 CV1394, 2010 WL 1141133 at *4-*5, 2010 U.S. Dist. LEXIS 26018 at *13 (S.D.Miss. March 19, 2010) (citing *FDIC v. Niblo*, 821 F.Supp. 441 (N.D.Tex.1993)). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties. *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, No. 09–6270, 2010 WL 1731204 at *5, 2010 U.S. Dist. LEXIS 49869 at *15 (E.D.La. Apr. 28, 2010) (citing *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir.1985); *Berry v. Lee*, 428 F.Supp.2d 546, 563 (N.D.Tex.2006);

McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 401 (E.D.Pa.2002)). The Court possesses considerable discretion in ruling on a motion to strike. Bailey, 2010 WL 1141133 at *4–*5, 2010 U.S Dist. LEXIS 26018 at *13 (citing Niblo, 821 F.Supp. at 449).

### Timeliness Under Rule 12(a)

██ Federal Rules of Civil Procedure 12(a) provides that a defendant must serve an answer within 21 days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). A party served with a counterclaim or crossclaim must also serve an answer within 21 days after being served with the pleading that states the counterclaim or crossclaim. FED. R. CIV. P. 12(a)(1)(B). Pursuant to the Federal Rules of Civil Procedure, failure to file a timely answer in this matter may result in the defendant's default under Rule 55(a). No act by one party can relieve the other party of its responsibility to comply with the Federal Rules. See, e.g., Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 251 (7th Cir.1990).

Although courts favor timely filings, they are not quick to enter default judgments. Routinely, courts will consider the defendant's conduct to see if the late filing was willful or if it was only a mere oversight. The Fifth Circuit will look at other factors before imposing harsh sanctions where less severe sanctions would suffice. For example, "before a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice." Watson v. United States, 285 Fed.Appx. 140, 143 (5th Cir.2008) (quoting Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local # 36, 614 F.2d 529, 531 (5th Cir.1980)). In Watson, The Fifth Circuit noted that an automatic grant of dismissal

for failure to comply with procedural rules was too severe a penalty. Id. The Fifth Circuit has routinely emphasized that they are hesitant to impose harsh punishment for untimely filing if there are less severe sanctions that would be adequate. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212 (5th Cir.1976).

Additionally, the Supreme Court has noted that "the basic purpose of the Federal Rules is to administer justice through fair trials, and not through summary dismissals as necessary as they may be on occasion ... [if] rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." Surowitz v. Hilton Hotels, Corp., 383 U.S. 363, 373–74, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). Relatedly, in Hines v. Delta Air Lines, Inc.[5], the parties failed to file responsive pleadings within the time allowed by the Federal Rules of Civil Procedure, including an answer filed late under Rule 12(a). Hines, 461 F.2d at 579. Id. Although the Fifth Circuit noted that the parties were at fault in complying with the filing deadlines of the Rule, the Court stated that procedural dismissal was improper because it "aborts the case on an unjustly stringent procedural argument." Id. at 580. The Court concluded that the parties "are not to be cut off at the pass" or "deprived from utilizing the tools of the Federal Rules to try to establish a claim warranting recovery." Id. at 581.

### Application

██ Construing the Rule 12 standards for a motion to strike and the timeliness of filing responsive pleadings, the Court concludes that the motion to strike Colony's and Buckley's answers and counterclaims

**5.** 461 F.2d 576 (5th Cir.1972)

should not be stricken based solely on ASIC's argument that they are untimely. To strike the pleadings on this basis alone would be a drastic and harsh remedy. The prejudice to Colony and Buckley in having their defenses and claims stricken in their entirety is greater than the prejudice suffered by ASIC due to the untimeliness of Colony and Buckley's pleadings.

Although the Court did not grant Buckley or Colony leave to file late pleadings, it would have freely granted that leave under the Federal Rules of Civil Procedure and the Local Rules, especially at that early stage of the litigation. Additionally, although no formal extension was granted, the record shows that ASIC's counsel did grant an informal extension to Colony. To now argue that ASIC would be harmed or surprised by the late answer and counterclaim is without merit, based on the fact that counsel was made aware of the untimeliness. Furthermore, the Court agrees with Colony's contention that ASIC had the remedy available to it to seek default pursuant to Rule 55(a) rather than filing a motion to strike. The Court finds that the motion to strike Colony's answer and claims should be denied.

The Court notes that Buckley was not granted any extension for the filing of its late answer, and it has not responded to ASIC's motion to strike. However, again noting that the striking of pleadings is a drastic and disfavored remedy, the Court concludes that the motion to strike Buckley's pleading should also be denied. The Fifth Circuit has made clear that it has not approved the automatic grant of dispositive motions solely based upon a party's failure to comply with rules requiring the filing of opposition to a motion. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir.2008). Rather, before a court dismisses a party's claims, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would

not serve the system of justice. *Luna*, 614 F.2d at 531. In its motion to strike and briefs, ASIC has cited no persuasive case law favoring the granting of the motion and it has not established that Buckley or Colony engaged in a clear record of delay or contumacious conduct, or that lesser sanctions for the untimely pleadings would not better serve justice in this situation.

In addition, the relief requested by ASIC in its motion to strike does not comport with the purpose of Rule 12(f), which only provides that motions under the Rule may be utilized to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f) ASIC's motion to strike is solely based on the untimeliness of the Buckley and Colony answers and pleadings. The motion does not discuss, much less establish, how the answers and counterclaims are "redundant, immaterial, impertinent or scandalous." A review of the pleadings shows that the defenses and claims asserted by Buckley and Colony are directly related to the controversy at hand. This only further convinces the Court that the motion to strike is without merit and has been utilized as a tactical and dilatory measure in this situation. To grant such a motion would go against other court's warnings that motions to strike are disfavored and rarely granted because they are often used for tactical and dilatory reasons, rather than addressing the merits. Accordingly, based on these findings and the discretion afforded to the Court in determining a motion to strike under Rule 12(f), the Court concludes that ASIC's motions to strike should be denied.

**Conclusion and Recommendation**

The undersigned United States Magistrate Judge recommends that the District Court **deny in part and grant** in part

ASIC's Rule 12 motion to dismiss and motion to strike Defendant Colony's answer, counterclaim and cross-claim (doc. # 12).

The Court recommends that the motion to dismiss Colony's answer and counterclaim be denied with regard to the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction; denied with regard to the Rule 12(b)(6) motion to dismiss Colony's breach of contract claim against ASIC; granted with regard to the Rule 12(b)(6) motion to dismiss Colony's statutory claim under the Texas Insurance Code, and denied with regard to the Rule 12(f) motion to strike.

The Court further recommends that ASIC's motion pursuant to Rule 12 to strike defendant Michael Buckley d/b/a Buckley & Sons Plumbing's ("Buckley") Answer and Counterclaim filed against ASIC (doc. # 22) be **denied.**

### Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Assn.,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

**SIGNED** this the 1st day of September, 2010.