614 F.2d 529
 22 Fair Empl.Prac.Cas. 525,
22 Empl. Prac. Dec. P 30,794
Ismael E. LUNA, Plaintiff-Appellant,
v.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS LOCAL # 36 and Southern Pacific
Transportation Company, Defendants-Appellees.
 No. 78-1767.
 United States Court of Appeals,
Fifth Circuit.
 March 28, 1980.
 
 Ismael E. Luna, pro se.
 Legal Aid Ass'n, Arturo L. Barrera, Stephen G. Cochran, Brendan E. Gill, San Antonio, Tex., for plaintiff-appellant.
 Sandra G. Bryan, Atty., E.E.O.C., Washington, D. C., amicus curiae.
 Marc A. Zito, Bellaire, Tex., for Southern Pac. Transp. Co.
 George P. Parker, Jr., Charles J. Fitzpatrick, San Antonio, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before THORNBERRY, GODBOLD and TATE, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 In this case brought under Title VII, 42 U.S.C. §§ 2000e to 17 (1976), we must decide whether the district judge abused his discretion when he denied appellant's request for appointed counsel, dismissed the suit with prejudice, and assessed attorneys' fees against appellant. Because we conclude that the judge abused his discretion in denying appointed counsel and in dismissing the suit, we reverse the judgment and remand the case to the district court.
 
 
 2
 I. Facts.
 
 
 3
 Appellant Luna, a sixty year old Mexican-American, had worked as a machinist for appellee Southern Pacific Transportation Company for over twenty-five years. On November 8, 1974, a company agent caught Luna with three rolls of toilet paper and four metal fittings in a paper bag as he was leaving company premises. Company agents then went to Luna's home and found a variety of other company property, including three water coolers, welding tools, copper tubing, and other equipment. Luna alleges that the company threatened to press criminal charges against him unless he resigned at once.
 
 
 4
 Luna resigned, and filed a complaint with the Equal Employment Opportunity Commission. He charged that he suffered racial discrimination because the company had not disciplined white workers who were caught in possession of similar company property, and because the union refused to prosecute his grievance against the company. The EEOC issued Luna a right-to-sue letter. He filed a timely pro se Title VII complaint against the company and the union in June, 1976.
 
 
 5
 In July Luna petitioned the court to appoint counsel for him. The judge ordered Luna to file an affidavit showing his inability to obtain counsel, and to produce an amended complaint with more definite charges, both by September 7. Luna produced a timely affidavit showing that he supported his family of six on $534 per month from his railroad retirement fund. He also stated that he owned a checking account of about $200, a car worth $300, and a house worth $4,000. He explained how he had contacted four attorneys, including the Mexican-American Legal Defense and Education Fund; none of these attorneys could take his suit because each had either a crowded schedule, conflict of interest, or required a fee that Luna could not pay. Record at 41-42. Luna allegedly speaks and understands little English; he cannot read English. Luna did not file an amended complaint within the time set by the judge's order. In May, 1977 the judge again ordered Luna to file an amended complaint, and he denied Luna's motion for appointed counsel because he found that Luna possessed sufficient financial resources to pursue the suit. Record at 45. Luna then filed the amended complaint within the time set by the judge's second order.
 
 
 6
 At docket call on June 27 Luna appeared with an interpreter. The trial date was set in writing for September 12. On September 12 Luna appeared with an interpreter. Because the judge was involved with another lengthy trial, however, the trial date was reset in writing for September 19. On September 19 the court clerk telephoned Luna and told him that his trial was postponed until September 21, unless the clerk notified him otherwise. Luna understood the clerk to say, however, that the clerk would telephone him on September 21, to tell him the new date for trial.
 
 
 7
 The judge called Luna's case for trial at nine o'clock on the morning of September 21, at which time the defendants announced ready. The judge told the clerk to telephone Luna at home. The clerk called him, and Luna came immediately to the courthouse. When he arrived the judge dismissed Luna's case with prejudice for want of prosecution, and assessed Luna $8,035 for the defendants' attorneys' fees.
 
 
 8
 II. Appointment of Counsel.
 
 
 9
 Under 42 U.S.C. § 2000e-5(f)(1) (1976), plaintiffs may receive appointed counsel for their Title VII claims "in such circumstances as the court may deem just." We prescribed guidelines for the appointment of such counsel in Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1308-10 (5th Cir. 1977). In Caston we discussed three factors that should guide the discretion of the trial judge: the merits of the plaintiff's claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to retain counsel. Id. We emphasized that "(d)istrict courts should be sensitive to the problems faced by pro se litigants and innovative in their responses to them." Id. at 1310.
 
 
 10
 Luna satisfied each factor from Caston. His claim has sufficient merit; disparate disciplinary treatment like that alleged by Luna constitutes a Title VII violation under McDonald v. Santa Fe Transportation Co., 427 U.S. 273, 281-84, 96 S.Ct. 2574, 2579-80, 49 L.Ed.2d 493 (1976). Moreover, the EEOC found that Luna's claim had sufficient merit to issue him a right-to-sue letter. In Caston we reversed and remanded a decision not to appoint counsel even though the EEOC issued that plaintiff a no-cause ruling. Luna made repeated, diligent attempts to obtain counsel. His affidavit indicates that he contacted four attorneys, and properly lists the reasons why each attorney refused to take the case. Contrary to the district judge's finding, Luna had insufficient financial ability to retain a lawyer. His retirement income of $534 per month, plus his meager assets, could not allow him to support his family of six and to hire counsel for this litigation. Finally, we emphasize that the district judge should have displayed more sensitivity and flexibility in dealing with someone as ill-suited for managing a pro se suit as Luna, an industrial worker with only a limited ability to speak English. We conclude that the district judge abused his discretion when he refused to appoint counsel for Luna.
 
 
 11
 Appellees contend that the statute providing for appointment of counsel in Title VII cases is unconstitutional because, under In re Nine Applicants, 475 F.Supp. 87, 20 F.E.P. Cas. 801 (N.D.Ala.), appeal docketed sub nom. In re Five Applicants, No. 79-3863 (5th Cir. Nov. 29, 1979), the statute creates an involuntary servitude between the appointed counsel and the plaintiff in violation of the thirteenth amendment. Without reaching the merits of this contention, we hold that appellees have no standing to urge the thirteenth amendment rights of an attorney appointed to represent the appellant, their adversary in this litigation.
 
 
 12
 III. Dismissal With Prejudice.
 
 
 13
 Before a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice. Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 546 (5th Cir. 1978). In deciding whether to dismiss a claim, the judge should consider the possible hardship imposed upon a pro se plaintiff who is denied a request for appointed counsel. Id.
 
 
 14
 In his order dismissing Luna's complaint with prejudice, the district judge stated that Luna "repeatedly and unjustifiably failed to comply with the Federal Rules of Civil Procedure, and the Orders and Local Rules of this Court." Record at 79. In his findings the judge listed only two such occasions: Luna's failure to submit an amended complaint until the judge's second order, and Luna's failure to appear for trial until the clerk telephoned him. Id. The trial record also indicates that Luna failed to respond to the appellees' motions to dismiss.
 
 
 15
 Luna's failure to satisfy procedural rules and to submit the amended complaint was caused at least in part by the judge's erroneous decision not to appoint counsel for him. Luna's failure to appear in a timely manner for trial shows only his confusion or negligence, not a clear record of delay or contumacious conduct. See Flowers v. Turbine Support Division, 507 F.2d 1242, 1246 (5th Cir. 1975) (general lack of diligence and delay in answering three court orders "although reprehensible and undoubtedly frustrating to the court, does not create 'a clear record of delay or contumacious conduct.' "). We conclude that the district judge abused his discretion when he dismissed Luna's complaint with prejudice.
 
 
 16
 IV. Award of Attorneys' Fees.
 
 
 17
 Because we are reversing the dismissal order and remanding the case for trial, the award of $8,035 in attorneys' fees against Luna is necessarily vacated. On remand we remind the judge that an award of attorneys' fees against a Title VII plaintiff must satisfy the standards prescribed in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (no award of attorneys' fees against plaintiff unless Title VII complaint was "frivolous, unreasonable or without foundation").
 
 
 18
 REVERSED AND REMANDED.