**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-40810
Summary Calendar

_____

RODNEY JAMES DILWORTH,

Plaintiff-Appellant,

VERSUS

FNU VANCE, et. al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:94-CV-275)

_____

July 16, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges

PER CURIAM:[1]

Rodney James Dilworth, a Texas prisoner proceeding pro se and in forma pauperis appeals the district court's dismissal of his §1983 civil rights action on res judicata grounds.

I.

Dilworth alleges that he was attacked and beaten without provocation by several guards at the Collin County Jail. This suit names only the guards as defendants but in an earlier suit arising out of the same incident, Dilworth sued Collin County Sheriff Terry Box. The suit against Box was dismissed on the ground that Dilworth did not allege that Box was personally involved in the beating and failed to raise a question of fact as to whether

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Box was deliberately indifferent to Dilworth's safety. The magistrate judge recommended dismissal of the instant suit under Federal Rule of Procedure 12(b)(6) on res judicata grounds since Dilworth could have raised his claims against the guards in the earlier suit and a sanction of $100. The district court adopted the magistrate judge's report, dismissed the suit under 12(b)(6) as res judicata and sanctioned Dilworth $100. Dilworth appeals.

II.

This court reviews a dismissal under the doctrine of res judicata <u>de novo</u>. <u>Schmueser v. Burkburnett Bank</u>, 937 F.2d 1025, 1031 (5th Cir. 1991). Preclusion based on res judicata requires (1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) identical parties or their privies in both suits, and (4) the same claim or cause of action in both suits. <u>In re Air Crash at D/FW Airport on Aug. 2, 1985</u>, 861 F.2d 814, 816 (5th Cir. 1988). Dilworth's suit against Box was finally adjudicated on the merits by a court of competent jurisdiction. The earlier suit also arose out of the same transaction (Dilworth's alleged beating by guards at the Collin County Jail) so it satisfies the same claim requirement. <u>See</u> <u>id</u>. However, Sheriff Box was not an identical party or in privity with the guards in the instant case so the third requirement of res judicata doctrine is not satisfied.

A defendant who was not a party to the earlier action can assert res judicata so long as he is in "privity" with the named defendant. The question of whether privity exists is a factual inquiry and this court will not disturb the district court's findings absent a showing of clear error. <u>Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha</u>, 754 F.2d 591, 599 (5th Cir. 1985).

> For res judicata purposes, this court has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in the property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit.

Meza v. General Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990). In this case, it is clear that the guards are not successors in interest to Sheriff Box and that they did not control the prior litigation. The only serious question with regard to privity is the question of whether or not the guards were adequately represented by Sheriff Box in the earlier suit. In order to adequately have represented the guards, Sheriff Box must have been "so closely aligned to [the guard's] interests as to be [their] virtual representative." Eubanks v. FDIC, 977 F.2d 166, 170 (5th Cir. 1992).

Sheriff Box successfully defended the first suit on the grounds that he had no personal involvement in the beating, could not be vicariously liable as a matter of law, and had not implemented a policy so deficient that the policy itself repudiated constitutional rights. Box did not argue that the guards did not beat Dilworth or violate Dilworth's rights: he only argued that even if the guards did beat Dilworth without provocation, Box did not order the beating and did not implement a policy that encouraged such behavior by guards. Box had no need to raise the questions of whether the beating occurred and whether the beating was a violation of Dilworth's civil rights. For these reasons, Box's interests were not so closely aligned with the guards' interests to warrant a finding that he adequately represented them. The district court's finding of privity was clearly erroneous.[2]

---

[2]The district court also erred by considering information beyond the pleadings (Dilworth's prior suit) in ruling on the guards' motion for dismissal under Rule 12(b)(6). Our finding that the district court erroneously applied the law of res judicata makes

3

III.

Dilworth next argues that the district court abused its discretion when it imposed sanctions of $100 on him. A district court abuses its discretion when it bases its ruling on an erroneous view of the law or a clearly erroneous view of the evidence. Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994). The sanction in this case was based on the erroneous legal determination that the instant suit was res judicata so we must find that the sanction was an abuse of discretion.

## Conclusion

The defendant guards in this case were not adequately represented in Dilworth's prior case against Sheriff Box which arose out of the same incident. Box had little incentive to argue that the beating never occurred or that the guards did not violate Dilworth's constitutional rights because Box would not be vicariously liable for the acts of the guards. The district court's finding of privity was clearly erroneous and the sanctions were an abuse of discretion because they were based on an erroneous view of the law. For these reasons, we REVERSE the district court's dismissal of Dilworth's claims on res judicata grounds, REVERSE the $100 sanction against Dilworth and REMAND for further proceedings.

REVERSED and REMANDED.

---

consideration of this error and the question of whether it was harmless error under Rule 61, unnecessary.