# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

No. 07-41178
Summary Calendar

Charles R. Fulbruge III
Clerk

SAMUEL R WATSON; ESTER R WATSON

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA, ex rel; AMELIA LERMA, Revenue Officer

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-326

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants appeal the district court's dismissal with prejudice of their claims asserting that a United States revenue officer acted unlawfully in connection with the assessment and collection of taxes, as well as the district court's denial of their motion to recuse and their motion to vacate several rulings of the district court. For the following reasons, we AFFIRM in part, VACATE in part, and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After assessing unpaid federal income tax liabilities against Samuel and Esther Watson ("Plaintiffs") for tax years 1996-2000, the Internal Revenue Service ("IRS") filed several notices of federal tax liens against Plaintiffs and issued numerous levies to collect the unpaid assessments. Plaintiffs filed a Texas state court action challenging the validity of the federal tax liens, and the action was removed to the United States District Court for the Southern District of Texas. There, Chief Judge Hayden Head ("Chief Judge Head") dismissed the case for lack of subject matter jurisdiction. In 2007, the IRS released the tax liens filed against Plaintiffs after using the proceeds from a sale of some of Plaintiffs' property to satisfy Plaintiffs' liabilities.

Prior to the release of the liens, on August 1, 2007, Plaintiffs filed the present action against the United States ex rel. Revenue Officer Amelia Lerma ("Defendant") under 26 U.S.C. § 7433 in the United States District Court for the Southern District of Texas. They alleged that during the course of the assessment and collection of their federal taxes, Defendant committed various acts that were unlawful under the Internal Revenue Code and under federal criminal statutes. Plaintiffs initially sought a temporary restraining order ("TRO") removing the liens against their real property and also sought damages. Chief Judge Head presided over this action and denied Plaintiffs' request for a TRO, noting that Plaintiffs had failed to show that they had a substantial likelihood of success on the merits, that the threatened injury to them outweighed the damage to the opposing party, or that the public interest would not be disserved by the TRO. The court also granted Defendant an extension of time to answer the complaint.

Plaintiffs moved to vacate the district court's orders and to recuse Chief Judge Head on the ground that the denial of the TRO request, the extension of time given to Defendant, and the dismissal of their earlier case demonstrated

that he was biased. On October 2, 2007, Defendant moved to dismiss Plaintiffs' suit for lack of subject matter jurisdiction and for failure to state a claim. Plaintiffs did not respond to the motion to dismiss, and they failed to appear at the pretrial conference scheduled for October 18, 2007. On November 14, 2007, the district court dismissed the case with prejudice based on two alternative grounds: (1) it granted Defendant's motion to dismiss for lack of subject matter jurisdiction because under its Local Rule 7.4, Plaintiffs' failure to respond to the Defendant's motion could be "construed as a representation of no opposition"; and (2) in the alternative, it dismissed the case for failure to prosecute based on Plaintiffs' failure to appear at the pre-trial conference despite receiving sufficient notice. In addition, the district court denied Plaintiffs' motion to recuse and vacate earlier orders. Plaintiffs appealed.

## II. DISCUSSION

### A.    Motion to recuse

We review the denial of a motion to recuse for abuse of discretion. *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). Under 28 U.S.C. § 455, a party may request the recusal of a judge either if "[the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," id. § 455(b)(1), or if "his impartiality might reasonably be questioned," id. § 455(a). Plaintiffs contend that Chief Judge Head should have been recused for bias, citing his dismissal of their earlier case, his denial of their TRO request, and his extension of Defendant's time to respond to Plaintiffs' complaint. The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); see also *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). Plaintiffs cite no evidence of bias other than the judge's rulings, nor do they cite any relevant authority in support of their proposition that he should have been recused. We

therefore hold that his decision not to recuse himself was not an abuse of discretion.

B.    Motion to vacate prior orders

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003) (internal quotation marks omitted).  Plaintiffs offer no facts or arguments in support of their motion to vacate the court's prior orders.  Therefore, the district court's denial of this motion was proper.

C.    Dismissal for lack of subject matter jurisdiction

The district court granted Defendant's motion to dismiss for lack of subject matter jurisdiction based solely on Plaintiffs' failure to file a response or appear at a pretrial conference to respond to the motion.   In doing so, the district court relied on its Local Rule 7.4, which permits it to construe a party's failure to respond as a representation of no opposition.  It did not consider the substance of the motion.  We have previously recognized "the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition.'"  Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (quoting John v. Louisiana, 757 F.2d 698, 708 (5th Cir. 1985)).  However, "we have not 'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'"  Id. (quoting  John, 767 F.2d at 709). Rather, "[b]efore a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice."  Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36, 614 F.2d 529, 531 (5th Cir. 1980). The mere failure to respond to a motion is not sufficient to justify a dismissal

with prejudice. See Johnson, 442 F.3d at 919 (vacating a dismissal of a habeas petition based on the petitioner's failure to respond to a government motion, because a two-month period with no response did not constitute a clear record of delay and because the district court did not consider lesser sanctions); Ramsey v. Signal Delivery Serv., Inc., 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating a district court's dismissal with prejudice because the plaintiff's failure to respond to a motion to dismiss within three months was not the sort of extreme delay that warranted dismissal).

Here, only a month and a half elapsed between Defendant's motion to dismiss and the district court's dismissal. This is a shorter delay than was present in either Luna or Ramsey, in which we found insufficient evidence of delay, and Defendant cites no cases in which we have found a clear record of delay on facts similar to those here. Plaintiffs' modest delay in responding to the motion, even in combination with their failure to appear at a hearing to respond to the motion, does not constitute sufficient delay or contumacious conduct that would justify dismissal with prejudice. Moreover, there is no evidence that the district court attempted to use lesser sanctions or found that lesser sanctions would not have served the system of justice. Therefore, the district court erred in dismissing the case with prejudice based on Plaintiffs' failure to respond to Defendant's motion.

D.    Dismissal for failure to prosecute

As an alternative to its dismissal for lack of subject matter jurisdiction, the district court dismissed the case for failure to prosecute because Plaintiffs failed to appear before the court at an initial pretrial conference. We review the dismissal of a case based on failure to prosecute for abuse of discretion. Stearman v. Comm'r of Internal Revenue, 436 F.3d 533, 535 (5th Cir. 2006). "Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2)

the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Id. As discussed above, we see no evidence that the district court employed lesser sanctions or expressly determined that lesser sanctions would be inadequate, nor do we find a clear record of delay or contumacious conduct by Plaintiffs. Therefore, the district court abused its discretion in dismissing for failure to prosecute.

## III. CONCLUSION

We AFFIRM the district court's denial of Plaintiffs' motion to recuse and motion to vacate prior orders, VACATE its dismissal for lack of subject matter jurisdiction or alternatively for failure to prosecute, and REMAND for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.