# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2013

Lyle W. Cayce
Clerk

No. 12-20230
Summary Calendar

MAE HELEN MCCRIMMON,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.; MANN & STEVENS, P.C.; ROBERT L. HORN;
B-SURE FINANCIAL MORTGAGE, L.L.C.;
NOVASTAR MORTGAGE, INCORPORATED; MILA, INCORPORATED;
WEEKLEY HOMES, L.P.; WILSHIRE HOMES, LIMITED;
AEGIS FUNDING CORPORATION;
COUNTRYWIDE HOME LOANS, INCORPORATED;
NAS/WILLI R. NELSON;
BARCLAYS CAPITAL REAL ESTATE, INCORPORATED,
Doing Business as Home EQ Servicing Corporation;
EMC MORTGAGE CORPORATION;
JP MORGAN CHASE BANK, N.A., as Successor in Interest to
EMC Mortgage, L.L.C., Formerly Known as EMC Mortgage Corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:09-CV-3049

No. 12-20230

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Mae McCrimmon took out seven mortgages, then sued numerous defendants under various state and federal laws, alleging in essence that they failed to inform her she could not afford the loans. The district court dismissed her complaint against several defendants, refused to enter default judgment against others, and granted summary judgment in favor of the rest. It also denied her motions to file a fifth amended complaint, to compel discovery, for sanctions, and for reconsideration. Finding no error, we affirm.

I.

McCrimmon purchased three houses and refinanced a fourth in February and March 2006, taking out seven mortgages totaling over $1 million. In 2007, she stopped making principal and interest payments on at least two of the houses, which were foreclosed on. In September 2009, she sued numerous defendants for fraud, negligence,[1] and violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Texas Deceptive Trade Practices Act ("TDTPA"), and the Texas Debt Collection Act ("TDCA").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] McCrimmon also pleaded violations of the Texas Finance and Administrative Codes. Her reply brief clarifies that those violations did not support freestanding claims, but only her claim of negligence *per se*.

No. 12-20230

The district court granted motions to dismiss filed by some of the defendants[2] and motions for summary judgment filed by others.[3]  The court then denied McCrimmon's motions for default judgment against MILA, Inc., and B-Sure Financial Mortgage, L.L.C., and her motions for leave to file a fifth amended complaint, for sanctions against Wells Fargo and HomEq, and for reconsideration of the previous rulings.  McCrimmon appeals each of these decisions.[4]

## II.

"We review a summary judgment *de novo*, applying the same standard as the district court."  *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011).  The same is true for a dismissal for failure to state a claim.  *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005).  We review the denial of motions for leave to amend, to compel, for sanctions, to enter default judgment, and to reconsider, as well as the refusal to exercise equitable tolling, for abuse of discretion.[5]

---

[2] NovaStar Mortgage, Inc.; BAC Home Loans Servicing, L.P., erroneously named as Countrywide Home Loans, Inc.; Vericrest Financial, Inc.; and EMC Mortgage Corp.

[3] Wells Fargo Bank, N.A. ("Wells Fargo"), Barclays Capital Real Estate, Inc., doing Business as Home EQ Servicing Corp. ("HomEq"), Mann & Stevens, P.C., Robert L. Horn, and Weekley Homes, L.P. ("Weekley").

[4] McCrimmon also appeals the district court's denial of her motion to compel Weekley to respond to discovery requests and denial in part of her motion to compel Wells Fargo.

[5] *See Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012) (leave to amend); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (compel); *United States v. Garrett*, 238 F.3d 293, 297 (5th Cir. 2000) (sanctions); *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 179 (5th Cir. 2007) (default judgment); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (reconsideration); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (equitable tolling).

No. 12-20230

III.

A.

The district court properly ruled in favor of each of the defendants, most by granting motions for summary judgment or to dismiss, the rest by refusing to enter default judgment. All of McCrimmon's claims, save for fraud and violation of the TDCA, were barred by statutes of limitations, and the district court did not abuse its discretion in refusing to exercise equitable tolling. McCrimmon failed to plead fraud with the requisite particularity and failed to state a claim for violation of the TDCA.

1.

Most of McCrimmon's claims are time-barred. Claims alleging improper disclosures under TILA and kickbacks under RESPA are subject to one-year limitations. 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA). Limitations for claims under the TDTPA and for negligence are two years. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749–50 (Tex. 1999). Claims for recession under TILA must be brought within three years. 15 U.S.C. § 1635(f). The loan documents were executed in February and March 2006, and McCrimmon sued more than three years later, in September 2009. Therefore, her claims, other than for fraud and violation of the TDCA, are barred.[6]

McCrimmon contends that the district court should have applied equitable tolling, which is appropriate "only in rare and exceptional circumstances," espe-

---

[6] The statute of limitations for fraud is four years. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) (citing TEX. CIV. PRAC. & REM. CODE § 16.004). McCrimmon's claims for violations of the TDCA would have accrued whenever the improper debt-collection activities took place, potentially long after the loan documents were executed.

No. 12-20230

cially "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights." *Teemac*, 298 F.3d at 457 (internal quotation marks omitted). McCrimmon's vague and conclusional allegations—that the defendants concealed kickbacks and failed to inform her she could not afford the loans—do not set forth rare and exceptional circumstances. Therefore, the district court did not abuse its discretion in refusing to exercise equitable tolling.

2.

McCrimmon failed to state a claim for fraud or violation of the TDCA. To survive a motion to dismiss, a claim must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers merely "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks omitted, alteration in original). Federal Rule of Civil Procedure 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This court "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (internal quotation marks omitted).

It would be difficult to allege fraud in more general terms that McCrimmon employed.[7] Her pleadings contain no specific statements made or omitted,

---

[7] For example, she asserted that "[a]t all times material, Defendants misrepresented and/or omitted material facts to Plaintiffs."

No. 12-20230

no identified speakers, no times or places, and no explanation of why the statements were fraudulent. As the district court concluded, McCrimmon failed to meet the pleading standard for fraud.

As to the TDCA, McCrimmon did not allege any particular debt-collection activities. Her allegations were conclusional—for example, that defendants violated the statute by "[u]sing unfair and unconscionable collection methods"— and were entirely devoid of specific factual support. Therefore, she failed to state a claim for relief for fraud or violation of the TDCA, the only claims not time barred. The district court did not err in ruling for defendants.

### B.

### 1.

McCrimmon argues that the district court erred by denying her motions to compel discovery from Weekley and Wells Fargo. The magistrate judge denied the former because Weekley responded to all but three of her requests for production, and those three were overbroad and irrelevant. Because those requests asked for lists of all homes sold by Weekley from 2006 on, the court did not abuse its discretion. The magistrate judge carefully considered the latter and granted it in part. McCrimmon's criticisms of the district court—that she was attempting to obtain relevant discovery and that the court ought to have granted her more time for discovery *sua sponte*—do not demonstrate anything arbitrary or unreasonable.[8]

---

[8] *Cf. Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000) (holding that district court did not abuse its discretion by granting summary judgment while refusing to allow plaintiff to conduct questionable discovery).

No. 12-20230

2.

Two months after the district court granted summary judgment to Wells Fargo and HomEq, McCrimmon sought sanctions against them for alleged non-compliance with discovery orders; the court denied the motion as untimely. Because it provided a reasonable explanation for refusing to impose sanctions,[9] and because McCrimmon's assertion that the court erred is entirely unsupported, the court did not abuse its discretion.

3.

McCrimmon contends that the district court erred by denying her motion for reconsideration. "Courts have broad discretion in deciding such motions." *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010). "A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Id.* (internal quotation marks and citation omitted). Although McCrimmon presented a number of "additional facts that were found in discovery," she failed to explain how any of them would have changed the outcome or to show that they could not have been discovered through proper diligence. Therefore, the district court did not abuse its discretion in denying reconsideration.

---

[9] *Cf. Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 484–85 (5th Cir. 2002).

No. 12-20230

4.

McCrimmon asserts that the district court erred by denying her leave to file a fifth amended complaint.  Leave to amend should be granted "freely . . . when justice so requires," FED. R. CIV. P. 15(a), but the "district court may consider that the moving party failed to take advantage of earlier opportunities to amend," *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007).  In light of McCrimmon's four opportunities to amend—two with the benefit of defendants' motions to dismiss—the court did not abuse its discretion in denying the motion to amend yet again.

AFFIRMED.