# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-40990
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

WILLIAM DEXTER WHITE,

Plaintiff-Appellant

v.

RONALD C. FOX; ROBERT E. TAYLOR, Captain; CEILAI RNC OKEYE; OWEN MURRY, University of Texas Medical Branch, Medical Director; STEVEN SMOCK, Gulf Coast Cluster Practice Manager; KAMILAH V. VAUGH; GARRY C. CUMBY; SHALETON L. COOPER; KEITH W. MAYES; HOWARD K. NIX; V. DODSON; J. O'GUINN; SUSAN BALLIE, Psychotherapist; B. HORN, Assistant Warden; HERMAN WESTON, JR., Assistant Warden; J. W. MOSSBARGER, Assistant Warden; A. VELASQUEZ, Senior Warden; FRANK RODRIQUEZ, Major; WILLIAM DUGGER, Captain; RUBY R. KNOOT, Captain; MICHAEL GREEDS, Captain; ADRIAN BUSTINZA, Captain; JEFFERY NEWMAN, Sergeant; UNIDENTIFIED BOATMAN, Sergeant,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-26

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40990

William Dexter White, Texas prisoner # 545599, proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint following a jury verdict. White originally filed suit alleging, *inter alia*, that Major Ronald C. Fox, a prison official in the Michael Unit, located in the Eastern District of Texas, along with several employees based in the Darrington Unit, located in the Southern District of Texas, violated his Eighth Amendment rights by failing to protect him from an assault that took place in the Darrington Unit shortly after White was transferred there. Specifically, White claims that Fox deliberately endangered his life by telling another inmate that White was a "snitch" before his transfer to the Darrington Unit, thereby making him a target amongst the general population. White claims that the prison employees in the Darrington Unit ignored his pleas for help or otherwise failed to protect him from assault.[1] The district court severed and transferred White's claims arising from events that occurred in the Darrington Unit to the United States District Court for the Southern District of Texas, and White has since filed several motions attempting to consolidate the claims, which the district court has denied.

This court has issued two prior decisions involving the instant proceeding. *See White v. Fox*, 470 F. App'x 214, *214-23 (5th Cir. 2012); *White v. Fox*, 294 F. App'x 955, *956-63 (5th Cir. 2008). In the most recent opinion, this court affirmed in part and reversed and remanded in part the district court's grant of summary judgment in favor of the defendants. *White*, 470 F. App'x at *214-23. Concluding, *inter alia*, that there was a genuine dispute of material fact regarding White's deliberate indifference claim against Fox, this court reversed and remanded for further proceedings. *Id.* at *223. After a two-

---

[1] For example, White claims that several members of the Darrington Unit Classification Committee refused to restrict his housing such that he would be isolated from African-American inmates, a racial group with whom White claims to have had several violent encounters.

2

day jury trial limited to White's claims against Fox, the jury reached a verdict that Fox did not act with deliberate indifference. Following the district court's dismissal of his complaint, White moved for a new trial. The district court denied his motion for a new trial.

White now appeals the dismissal of his complaint and the denial of his motion for a new trial. He argues that the district court abused its discretion by failing to allow him to withdraw his consent to the exercise of jurisdiction by the magistrate judge ("MJ"), the district court abused its discretion by denying his motion to recuse the MJ as the presiding judge, and the MJ's denial of his motion seeking sanctions against the defendants was an abuse of discretion. He also argues that the MJ's refusal to serve defendants in connection with his failure-to-protect claims relating to events in the Darrington Unit—where he was assaulted after being transferred—was an abuse of discretion because *res judicata* will bar him from bringing suit against the Darrington defendants in a separate case. Finally, he contends that it was an abuse of discretion for the MJ to deny his motion for a new trial due to Fox's alleged perjury and fraudulent concealment of the perjury. White has also filed a motion to strike the brief filed by the Appellee.

The record indicates that White's consent to proceed before the MJ was knowing and voluntary. Therefore, because White has shown neither good cause nor extraordinary circumstances, the district court did not abuse its discretion by denying White's motion to revoke his consent to proceed before the MJ. *See* 28 U.S.C. § 636(c); *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987). White's argument that the MJ should have been recused also lacks merit, as his allegations of bias are conclusory and based solely upon the MJ's adverse rulings. *See* 28 U.S.C. § 455(a),(b); *Liteky v. United States*, 510 U.S. 540, 555 (1994). The denial of his motion to recuse the MJ as the presiding judge therefore was not an abuse of discretion. *See Brown*

*v. Oil States Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011); *Watson v. U.S. ex rel. Lerma*, 285 F. App'x 140, 142 (5th Cir. 2008).

White's argument that sanctions should have been awarded pursuant to Rule 11 of the Federal Rules of Civil Procedure, as there were factual inaccuracies in the defendants' pleadings and the defendants willfully failed to locate a named defendant, does not establish that the MJ's ruling on this issue constituted an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403-05 (1990). Once defendants learned of the factually inaccurate paragraph in their pleadings, they corrected the error and filed an amended pleading. Because the MJ provided a reasonable explanation for the oversight—clerical error—the district court did not abuse its discretion by denying White's motion for sanctions due to factual inaccuracies in defendants' pleadings. *See McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, *376 (5th Cir. 2013); *Friends for Am. Free Enterprise Ass'n v. Wal-Mart Stores, Inc*, 284 F.3d 575, 577-78 (5th Cir. 2002) ("Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court.") (internal quotation marks omitted).

Regarding his argument that he should have been awarded sanctions because the defendants failed to locate a named defendant, White fails to establish that the defendants acted "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* FED. R. CIV. P. 11(b)(1). Therefore, the district court's denial of White's motion for sanctions due to failure to locate a defendant was not an abuse of discretion. *See Cooter & Gell*, 496 U.S. at 403-05; *Friends for Am. Free Enterprise Ass'n*, 284 F.3d at 577-78.

White's argument concerning the MJ's denial of his requests to serve additional defendants relating to his claims at the Darrington Unit also lacks merit, as the district court acted within its discretion to sever the claims against these defendants, and White's fear of *res judicata* is unfounded. Under

No. 12-40990

*res judicata*, or claim preclusion, parties are prohibited "from raising any claim or defense in [a] later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in [a] prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Claim preclusion is appropriate where four conditions are met: (1) the parties in a later action must be identical to (or in privity with) the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Shanbaum*, 10 F.3d at 310; *Eubanks v. Federal Deposit Ins. Corp.,* 977 F.2d 166, 169 (5th Cir. 1992).

A non-party is in privity with a party for *res judicata* purposes in three narrowly-defined circumstances: (1) if he has succeeded to the party's interest in property; (2) if he controlled the prior litigation; or (3) if the non-party's interests were adequately represented by a party to the original suit. *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir. 1990); *Dilworth v. Vance*, 95 F.3d 50, *1 (5th Cir. 1996). A non-party is adequately represented "where a party in the prior suit is so closely aligned to her interests as to be her virtual representative." *Eubanks*, 977 F.2d at 170. This requires "more than a showing of parallel interests—it is not enough that the non-party may be interested in the same questions or proving the same facts." *Id.*

Here, White's claims against the Darrington defendants will not be barred by *res judicata*, as the Darrington defendants are not a party to nor in privity with a party to the instant litigation. The Darrington defendants have not succeeded to Fox's interest in property, controlled the instant litigation, nor been adequately represented in the instant litigation. *See Eubanks*, 977 F.2d at 170; *Latham*, 896 F.2d at 983. White's claims against the Darrington defendants have been severed from the litigation entirely. The two-day jury

trial below addressed only White's claims against Fox.  The Darrington defendants' interests were never properly placed before the court, nor has any party to this suit acted as their virtual representative.  Thus, White will not be precluded by *res judicata* from filing suit against the Darrington defendants in the Southern District.  The district court previously determined that White's claims against the Darrington defendants, all of which concern events occurring in the Darrington Unit in the Southern District, are distinct from his claims against Fox, which concern events that took place in the Michael Unit in the Eastern District.[2]  Accordingly, the district court did not abuse its discretion by denying White's requests to serve the Darrington defendants in the instant litigation.  *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (finding no abuse of discretion where a magistrate judge from the Eastern District of Texas severed inmate plaintiff's claims arising out of events that occurred at a separate prison unit located in the Southern District) (internal quotation marks omitted).

Finally, White's arguments regarding the denial of his motion for a new trial also lack merit.  Because White argues that he is entitled to a new trial based on Fox's alleged perjury and fraudulent concealment of the perjury, his motion below implicates two provisions of the Federal Rules of Civil Procedure: Rule 59(a), which provides for a motion for a new trial following a jury trial, and Rule 60(b)(3), which provides for relief from a judgment due to fraud.  *See* FED. R. CIV. P. 59(a); 60(b)(3).  White is not entitled to relief under either provision.  Because White is not relying upon new matters that arose post-judgment, the MJ's denial of relief pursuant to Rule 59(a) was not an abuse of discretion.  *See Youmans v. Simon*, 791 F.2d 341, 349 (5th Cir. 1986);

---

[2] Based on this distinction, the district court concluded that the severance of the Darrington claims was proper.  White does not appeal the severance order but, rather, the district court's denial of his requests to serve the Darrington defendants.

*Treadaway v. Societe Anonyme Louis-Dreyfus*, 894 F.2d 161, 164 (5th Cir. 1990). Regarding Rule 60(b)(3), White's conclusory, speculative allegations of fraud do not establish that the MJ's denial of a new trial on this basis was an abuse of discretion. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010); *Diaz v. Methodist Hosp.* 46 F.3d 492, 497 (5th Cir. 1995); *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992) ("A Rule 60(b)(3) assertion [of fraud] must be proved by clear and convincing evidence, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case or defense.").

For the foregoing reasons, the judgment of the district court is AFFIRMED. The motion to strike the Appellee's brief is DENIED.