# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41439

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2016

Lyle W. Cayce
Clerk

PATRICK BAKER,

> Plaintiff - Appellant

v.

JOHN MCHUGH, Secretary of the Army,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:15-CV-160

Before STEWART, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:*

Patrick Baker brought this action after his administrative claim with the Equal Employment Opportunity Commission (EEOC) was denied because he failed to timely contact an EEO counselor. The district court dismissed the action for lack of jurisdiction. While the district court erred in finding the deadline to contact an EEO counselor was jurisdictional, because failure to meet this requirement bars his Title VII claims, and because Baker's tort

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims are barred on other jurisdictional grounds, we AFFIRM the district court's dismissal of Baker's claims.

## I

In late 2008, Patrick Baker was allegedly forced to resign his employment at the Red River Army Depot (RRAD) after drinking alcohol while on duty. Baker filed a discrimination claim against RRAD related to his resignation, which the parties settled in August 2009. On August 16, 2012, Baker was hired by URS Support Services, a private contract employer, for a position at RRAD. On or about August 27, 2012, URS rescinded Baker's employment offer after learning that RRAD would not allow him onto its premises because he had been charged with a felony after he resigned from RRAD. Baker believes that RRAD interfered with his employment in retaliation for the 2009 discrimination charge he filed against RRAD and that RRAD refused him entry onto its premises because of his race.

On December 12, 2012, 107 days after URS rescinded its offer of employment, Baker filed an Intake Questionnaire with the EEOC in which he claimed to have been discriminated against by URS. On June 25, 2013, Baker spoke to an EEOC Investigator who, after learning that Baker wanted to proceed against RRAD as well as URS, informed Baker that he would have to contact RRAD's EEO counselor, David Hudson, and gave him Hudson's contact information. On July 1, 2013, Baker met with Hudson and stated that he would like to file a discrimination complaint. Hudson discussed the process with Baker, emphasizing the Army's 45-day time limitation for initiating an EEO pre-complaint, which had long-since passed; nonetheless, Hudson filed the requisite paperwork for Baker's claim to move forward.

After mediation proved unsuccessful, Baker received permission to file a formal complaint of discrimination with the Secretary of the Army. Baker

timely filed a formal complaint, which the Secretary dismissed on October 22, 2013, for failure to contact an EEO counselor within the 45-day notification period. *See* 29 C.F.R. § 1614.107(a)(2). The decision indicated that Baker's initial contact with an EEO official was on July 1, 2013, well beyond 45 days after his August 2012 discharge from URS. The EEOC denied Baker's appeal and his subsequent request for reconsideration, agreeing that Baker's EEO counselor contact was untimely and specifically noting that Baker had produced no evidence to support his contention that he tried to contact an EEO officer earlier and was prohibited from doing so. The EEOC informed Baker that he now had the right to file a civil action in federal district court.

On May 28, 2014, Baker filed a pro se complaint alleging that the Secretary of the Army and RRAD had terminated his employment with URS based on his race and in retaliation for protected activity.[1] Baker also asserted claims of defamation, "emotional stress," and breach of contract. On March 30, 2015, the district court dismissed Baker's claims against the Secretary of the Army and RRAD without prejudice. The district court explained that Baker had failed to exhaust administrative remedies for his Title VII claims because he had not contacted an EEO counselor within 45 days of the alleged harm. The court also dismissed Baker's defamation claim for failure to exhaust administrative remedies, his breach of contract claim for lack of jurisdiction, and his emotional distress claim for failure to state a claim on which relief could be granted. Baker did not appeal that dismissal.

On September 18, 2015, Baker filed this action, again acting pro se, alleging that the Secretary of the Army had engaged in (1) retaliation by barring Baker from RRAD, thereby costing Baker his job with URS; (2) racial

---

[1] The district court later consolidated Baker's lawsuit with a related suit Baker had filed against URS. The disposition of Baker's claims against URS are not relevant here.

discrimination by disallowing that access; (3) defamation by causing Baker's income tax return to be garnished based on an alleged overpayment and causing Baker's credit report to reflect the same; and (4) infliction of emotional distress by costing Baker his job, "putting [him] in debt and stressing [him] out causing depression." Baker requested relief of $300,000 for each claim.

The magistrate judge recommended sua sponte that Baker's suit be dismissed for lack of jurisdiction due to his failure to properly exhaust administrative remedies. Baker argued that he had indeed exhausted administrative remedies and enclosed 41 pages of exhibits in support of his contention. The district court overruled Baker's objections, pointing out that Baker's exhibits had been submitted and considered at length in his 2014 suit and that Baker's "own documents reveal[ed] the EEOC dismissed [Baker]'s claims based on his failure to contact an EEO Official or Counselor within the required 45-day filing period." The district court concluded it continued to lack jurisdiction to consider Baker's claims because Baker had not exhausted administrative remedies as required and dismissed the case.

Baker timely appealed. He contends that he went through every step of the administrative grievance process but that he was initially prohibited from going onto the Red River Army Depot, which prevented him from being able to file a complaint with RRAD's EEO counselor within the 45-day period. The Secretary has not filed a brief in response.

## II

"We review a district court's decision to dismiss for lack of subject-matter jurisdiction de novo." *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 225 (5th Cir. 2010). "In determining whether the court has subject matter jurisdiction, we must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 250-51 (5th Cir. 2015). Similarly, in Title VII cases,

No. 15-41439

this court "review[s] de novo a district court's determination of whether the exhaustion requirement is satisfied." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

### III

"The exclusive remedy for claims of discrimination by federal employees is provided in 42 U.S.C. § 2000e-16(a)-(e)," Section 717 of the Civil Rights Act of 1964. *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439 (5th Cir. 1986). "The EEOC has authority to enforce the statute and to issue those regulations needed to implement the statute." *Id.* The EEOC "has promulgated regulations that require, among other things, that a federal employee consult with an EEO counselor prior to filing a discrimination lawsuit." *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016). An "aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory," although the 45-day limit will be extended if, inter alia, an individual shows that, despite due diligence, he was prevented by circumstances beyond his control from contacting the counselor within the time limits. 29 C.F.R. § 1614.105(a).

We note that Fifth Circuit case law contains some conflicting authority on the question of whether exhaustion of EEOC administrative remedies is jurisdictional in a Title VII case. *Compare Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("It is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction.") *with Young v. City of Houston*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."). However, the Supreme Court has long held that "filing a *timely* charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel,

and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (emphasis added); *see Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 82 (2009) ("[W]e have held nonjurisdictional and forfeitable the provision in Title VII . . . requiring complainants to file a timely charge of discrimination with the [EEOC] before proceeding to court."); *Mineta*, 448 F.3d at 788 n.7 ("The Supreme Court has held that the EEOC or EEO *filing deadlines* are not jurisdictional."). In *Zipes v. Trans World Airlines*, the Supreme Court explained that "[t]he provision specifying the time for filing charges with the EEOC appears as an entirely separate provision" from that granting district courts jurisdiction under Title VII, "and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." 455 U.S. at 393-94. This court has repeatedly followed the holding of *Zipes. See Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) ("The limitations period for filing a discrimination charge with the EEOC is not a jurisdictional prerequisite, and it may be tolled by equitable modification."); *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711 (5th Cir. 2011) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." (quoting *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008)); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 238 (5th Cir. 2010) (equitable tolling applies to EEOC filing deadline); *Munoz v. Aldridge*, 894 F.2d 1489, 1494 (5th Cir. 1990) ("[W]e have held that the time limits in Title VII for giving notice or filing an administrative complaint are subject to equitable tolling." (quoting *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981)).

Moreover, this court has specifically held that the requirement of timely contacting an EEO counselor is non-jurisdictional. *See Henderson*, 790 F.2d at

440 (citing *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc)); *see also Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002) (holding that waiver, estoppel, and equitable tolling may apply "to circumvent" the informal counseling requirement); *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992) ("Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling."). Accordingly, the district court erred in dismissing Baker's Title VII claims for lack of jurisdiction based on his failure to comply with the 45-day limitation found in 29 C.F.R. § 1614.105(a).

However, failure to timely notify an EEO counselor is still a pre-suit requirement. *See Green*, 136 S. Ct. at 1775. Baker has presented no plausible argument that would excuse his failure to comply with the 45-day pre-complaint processing requirement of § 1614.105(a)(1). Baker alludes in his brief to being "prevented by circumstances beyond his . . . control from contacting the counselor within the time limits," tracking the language of § 1614.105(a)(2) without elaboration. While the time limit could be extended if Baker's claim had factual support, *see* § 1614.105(a)(2); *see also Rivers v. Geithner*, 548 F. App'x 1013, 1017 (5th Cir. 2013) ("An employer may be equitably estopped from asserting the limitations period as a defense when the employee's failure to comply with an EEOC deadline was a result of the employer's misconduct."), Baker has offered no explanation in this court or the court below for how or why he was prevented from complying with the 45-day time limit. *Cf. McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th Cir. 2013) (refusing to apply equitable tolling on the basis of plaintiff's "vague and conclusional allegations"); *Ford-Evans v. United Space All. LLC*, 329 F. App'x 519, 526 (5th Cir. 2009) (declining to apply equitable estoppel where plaintiff failed to "allege[] the necessary elements for equitable estoppel"

No. 15-41439

at any stage of the litigation).  Further, Baker does not contest the EEOC's conclusion that he did not show he was entitled to an extension under § 1614.105(a)(2).  Baker's Title VII claims were properly dismissed as he has failed to state a claim on which relief may be granted.

## IV

The district court did not specifically address Baker's defamation claim, and neither the district court opinion nor the magistrate judge's report and recommendation discusses Baker's emotional distress claim.  However, we may raise defects in the district court's subject matter jurisdiction sua sponte.  *See Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Because the district court lacks jurisdiction to consider each of these claims, we find that they were properly dismissed.

To the extent Baker's complaint states a claim for intentional infliction of emotional distress, relief arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.  See McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) ("[A] suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'" (quoting 28 U.S.C. § 2679(b)(1)).[2] "[P]ersons seeking recovery under the FTCA must first present their 'claim to the appropriate Federal agency,' and such claim must be 'finally denied by the agency' before suit may be brought in Federal Court."  *Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994) (quoting § 2675(a)); *see McNeil v. United States*, 508 U.S. 106, 113 (1993).  "The requirement is jurisdictional and cannot be waived." *Emps. Welfare Comm. v. Daws,* 599 F.2d 1375, 1378 (5th Cir. 1979).  Baker has

---

[2] "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."  *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998).  Thus, Baker cannot maintain his tort claims against the Secretary of the Army.

twice brought this claim without alleging he presented it to the appropriate federal agency, and there is nothing in the record to indicate that Baker has complied with this jurisdictional requirement.  Thus, his claim was properly dismissed.

As to Baker's defamation claim, the United States has not waived sovereign immunity for claims "arising out of . . . libel, slander, misrepresentation, [or] deceit[.]"  28 U.S.C. § 2680(h); *see Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013).  Absent a waiver of sovereign immunity, the federal courts have no jurisdiction over Baker's defamation claim.  *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).

## V

For the aforementioned reasons, we AFFIRM the district court's dismissal of Baker's claims.