# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2020

Lyle W. Cayce
Clerk

No. 19-11359
Summary Calendar

CHERYL E. VANCE,

*Plaintiff — Appellant*,

*versus*

UNITED STATES DEPARTMENT OF LABOR; UNITED STATES
POSTAL INSPECTION SERVICE,

*Defendants — Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1183

Before KING, SMITH, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Cheryl E. Vance appeals the dismissal of her tort claims against the U.S. Department of Labor and the U.S. Postal Inspection Service. Vance, a pro se litigant, raises various state tort claims, such as defamation and libel,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

primarily alleging that Postal Inspector Jeff Krafels made false allegations against her and therefore caused her to be wrongfully convicted and incarcerated. Because Vance's claims are barred by sovereign immunity, we AFFIRM the judgment below.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 n.67 (5th Cir. 2016) (quoting Fed. R. Civ. P. 12(h)(3)). "Sovereign immunity is jurisdictional," *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002), and "[t]he basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress," *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Moreover, "[b]ecause sovereign immunity is jurisdictional in nature, 'Congress's waiver of [sovereign immunity] must be unequivocally expressed in statutory text and will not be implied.'" *Id.* at 335 (alterations in original) (quoting *Lane v. Pena,* 518 U.S. 187, 192 (1996)).

Although the Federal Tort Claims Act (FTCA) "waives sovereign immunity and permits suits against the United States," *id.*, it does so only for certain tort claims. *See* 28 U.S.C. § 2674. For example, "[t]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *Baker v. McHugh*, 672 F. App'x 357, 362 n.2 (5th Cir. 2016) (quoting *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998)); *accord Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

In the present case, Vance did not include the United States as a defendant but instead sued the Department of Labor and the Postal Inspection Service. In other words, Vance failed to "name the United States as the sole defendant," *McGuire*, 137 F.3d at 324, and the Department of Labor and the Postal Inspection Service cannot be sued under the FTCA.

No. 19-11359

Accordingly, we lack jurisdiction over Vance's tort claims and we therefore AFFIRM the judgment of the district court.